CHARLES J. MURPHY and FRANK M. COALE *vs.* WASH-INGTON J. ENEY, and others, Officers of Registration of the Seventh Precinct of the Twenty-first Ward, and JAMES BOND, Clerk, &c.

*Constitutional law—Void legislation—Construction of the Act of 1892, ch. 401—Changing the Lines of two Legisla-tive districts of Baltimore City, and Omitting one Ward— Act void for Uncertainty—Registration of Voters.*

By the legislation in force prior to 1892, (see Code of Public Local Laws, Art. 4, sec. 3, and Acts of 1882, ch. 2, 1888, ch. 98, secs. 2, 3, 17, and 1890, ch. 186,) the ninth precinct of the eleventh ward, and the seventh precinct of the twenty-first ward, of

Murphy and Coale *vs.* Eney, *et al.*

Baltimore City were both in the third legislative district of said city. By the Act of 1892, ch. 401, the ninth precinct of the eleventh ward was made part of the second legislative district, and the seventh precinct of the twenty-first ward remained part of the third legislative district. This Act omitted to make any provision for the inhabitants of the sixteenth ward to vote at any election; that ward being placed in neither of the three legislative districts of said city. Subsequent to the passage of the Act of 1892, G. R., who had formerly resided in the ninth precinct of the eleventh ward, removed to the seventh precinct of the twenty-first ward, and two months after such change of residence applied to the registration officers of the last named precinct and ward to be registered as a qualified voter of said precinct and ward, and his application was granted. Under the election law a voter moving from one legislative district to another was not entitled to vote in the district to which he removed until he had resided there six months. HELD:

1st. That as the Act of 1892, had omitted to make any provision for the inhabitants of the sixteenth ward to vote at any election, thus disfranchising them, and depriving them of their right to representation in the Legislature, said Act was unconstitutional and void.

2nd. That the previously existing Act of 1882, ch. 2, which did provide for the sixteenth ward, was inconsistent with the Act of 1892, and was repealed by that Act, as it provided that all Acts which were inconsistent with it should be repealed to the extent of such inconsistency.

3rd. That the Act of 1882, being thus repealed, it could not be referred to for the purpose of ascertaining whether other wards and precincts than those named in the Act of 1892, did not also constitute a part of the legislative districts named in the latter Act.

4th. That the officers of registration properly registered G. R. as a qualified voter of the precinct and ward to which he had removed, as prior to the void Act of 1892, they were in the same legislative district as those from which he had removed, and therefore a six months residence at his new place of residence was not necessary in order to qualify him to register there.

Section 1 of the Act of 1892, provides that "the legislative districts lines of the second and third legislative districts of Baltimore

City, as now described and defined by an ordinance of the Mayor and City Council of Baltimore, (No. 36,) approved April the 6th, 1882, * * * are hereby amended and changed so as to read as follows: "Then follows what at first sight appears to be intended for section 2, of the Act of 1892, which section professes to set out and fully describe the boundaries of the second and third legislative districts, omitting the sixteenth ward. HELD:

1st. That from an examination of section 1 of the Act it was impossible to regard section 2, as a separate and independent section of said Act, but that what was intended was that some section of the ordinance referred to should be amended and changed so as to read as set out in section 2 of the Act.

2nd. That if this construction be adopted the Act was void for uncertainty; for in the ordinance mentioned in section 1 of the Act of 1892, there was no provision at all for which section 2 of this Act could be substituted.

3rd. That it was intended to have referred to some other ordinance, but as it could not be ascertained from anything in the Act itself, what ordinance the Legislature had reference to, the whole Act was rendered void from its uncertainty.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*James H. Preston*, for the appellants.

*Charles J. Bonaparte*, (with whom was *Peter J. Campbell*, on the brief,) for the appellees.

FOWLER, J., delivered the opinion of the Court.

The appellees who are registration officers of the seventh precinct of the twenty-first ward of Baltimore City registered one George Rotan as a qualified voter and

entered his name as such on the registry of voters of the said precinct and ward. The appellants who are registered voters in said precinct and ward duly objected to said registration, alleging that by virtue of the Act of 1892, chapter 401, the boundaries of the third legislative district of Baltimore City were changed so that the ninth precinct of the eleventh ward, where the voter had formerly resided, became and formed part of the *second* legislative district; that so being a part of the second legislative district, and the seventh precinct of the twenty-first ward forming a part of the third legislative district, the said Rotan who had lived only two months in said seventh precinct had not the qualifications as to residence to entitle him to be registered in the third legislative district, of which, as we have said, the seventh precinct formed a part. The appellees refused, however, to strike Rotan's name from the registry of voters, and the appellants appealed to the Baltimore City Court, where they filed a petition setting forth the foregoing, and other facts not necessary now to refer to. To this petition the appellees filed an answer asserting the invalidity of the Act of 1892, chapter 401, which answer was demurred to, and the demurrer having been overruled and their petition dismissed, the appellants have appealed.

The only question presented, therefore, is whether the Act of 1892, chapter 401, is constitutional.

If the precinct from which the voter moved, and that to which he moved and applied for registration are in the same legislative district, then it is conceded he was legally registered; but, on the contrary, if these precincts are in different legislative districts it is admitted that the voter was not entitled to registration, for he had not lived six months in the third legislative district where he applied for registration. By the legislation in force prior to 1892 (see 1882, chapter 2, 1888, chapter 98,

sections 2, 3 and 17, 1890, chapter 186; Art. 4, section
3, Code Pub. Local Laws,) both these precincts were in
the third legislative district; but the Act of 1892, chapter
401, made several changes in the boundary lines of the
legislative districts above named—one of which was to
place the ninth precinct of the eleventh ward in the
*second* legislative district—the seventh precinct of the
twenty-first ward remaining a part of the *third* legisla-
tive district—the result being, if the Act of 1892 be
valid, that these two precincts are in different legislative
districts and the voter was not qualified for registration.

But we think it is clear the Act in question (1892, ch.
401,) must be declared unconstitutional, for it omits to
make any provision for the inhabitants of the sixteenth
ward of Baltimore City to vote at any election, that
ward being placed in neither of the three legislative dis-
tricts.   It was, of course, conceded that if the Act in
question had this effect, namely to disfranchise the in-
habitants of the sixteenth ward and deprive them of
their right to representation in the Legislature, it
would be void.

And this result was sought to be avoided by an at-
tempt to show that the Act of 1882, chapter 2, which
does provide for the sixteenth and other wards, and the
Act of 1892, chapter 401, could stand together.   But
while recognizing the full force of the rule that Courts
ought to make every intendment in support of legislative
enactments, yet we must give to the language used by
the Legislature its full effect and meaning, according to
its plain, ordinary and natural import.   *Clark vs. Mayor
and City Council of Baltimore,* 29 *Md.,* 283.   And so con-
struing the words of section 2 of the Act of 1892, it is
clear that it was intended thereby to repeal so much of
section two of the Act of 1882, as prescribes the bound-
aries of the second and third legislative districts.   When
by the Act of 1892 it is provided that certain named

wards and precincts shall constitute respectively the second and third legislative districts, we do not think it can be seriously contended that another Act—that of 1882—can be referred to for the purpose of ascertaining whether other wards and precincts may not also constitute a part of the legislative districts named. As we have said the Act of 1892 entirely omits the sixteenth ward, and must therefore be declared void, unless the Act of 1882 which places that ward in the third legislative district can be held to supply this omission. But this is impossible—the two Acts being inconsistent, for the Act of 1892, section 3, provides that "all Acts * * * which are inconsistent with the provisions of this Act be and they are hereby repealed to the extent of such inconsistency."

If, therefore, the Act of 1892 stands, the Act of 1882 must fall, and the result would be, as we have said, the disfranchisement of the voters of the sixteenth ward. The Act of 1892, chapter 401, must therefore be declared unconstitutional. *Maxwell, et al. vs. State, ex rel. Baldwin*, 40 *Md.*, 294.

But there is another objection to the validity of the Act in question.

Section one provides that "the legislative district lines of the second and third legislative districts of Baltimore City, * * * as now described and defined by an ordinance of the Mayor and City Council of Baltimore, No. 36, approved April the 6th, 1882, * * * are hereby amended and changed so as to read as follows:" Then follows what, at first sight, appears to be intended for section 2 of the Act of 1892, which section, as we have seen, professes to set out and fully describe the boundaries of the second and third legislative districts—omitting altogether the sixteenth ward. Although we have thus far assumed that "section 2" is, as it appears to be, a separate and independent section of

the Act of 1892, yet if we examine the first section thereof, it will appear that such an assumption is impossible. It seems to be clear that what was intended was that some section of the ordinance referred to should be amended and changed so as to read as set forth in section two of the Act. But if this construction be adopted the Act becomes void for uncertainty, for in the ordinance mentioned in section 1 of the Act of 1892, there is no provision at all for which section 2 of this Act could be substituted. It was doubtless intended to have referred to some other ordinance, and it was stated in the argument that the ordinance to which reference should have been made in section one "was one with a different number, approved on a different day, and relating to a different subject-matter." But as we are unable to ascertain from anything in the Act itself what ordinance the Legislature had reference to, the whole Act becomes so uncertain that we cannot do otherwise than declare it void.

*Order affirmed.*

(Decided 19th January, 1893.)